PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2000 Chevrolet Impala struck a section of broken pavement while she was traveling on W. Va. Route 61 near Oak Hill, Fayette County. W. Va. Route 61 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred around 2:00 p.m. on September 13, 2003, a sunny and clear day. W. Va. Route 61 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving on W. Va. Route 61 with a vehicle in tire oncoming lane driving near the yellow line. Ms. Lavender stated that she drove her vehicle close to the edge of the highway to avoid the oncoming vehicle. Her vehicle then struck a section of broken pavement that she had not seen. Claimant stated that there was an eight inch drop off in the pavement. Claimant’s vehicle struck the broken section of pavement damaging both passenger side rims and tires along with part of the undercarriage of the vehicle totaling $1,212.45. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did have actual notice of the condition on W. Va. Route 61 at the site of the claimant’s accident for the date in question but that it did not have sufficient time to affect a repair.
Joe Donnally, a maintenance crew leader for the respondent in Fayette County, testified that he was aware of the broken section of pavement along W. Va. Route 61. Mr. Donnally stated that he had scheduled this section of road for repair during the week following the claimant’s incident. He testified that he normally makes the schedules two weeks in advance so that the crews could finish the projects that they were currently on before beginning a new one.
*3 The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had actual notice of the broken section of pavement which claimant’s vehicle struck and that this section of road presented a hazard to the traveling public. Photographs in evidence depict the section of broken pavement and provide the Court an accurate portrayal of tire size and location of the hole on W. Va. Route 61. The size of the broken pavement and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Having acknowledged notice of the hazardous area, respondent was negligent in failing to warn the traveling public of the hazard. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in tire amount of $500.00.
Award of $500.00.